IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICIA I. JAMES                                        :

           v.                           :   CIVIL ACTION NO. MJG-02-4188

OFFICE OF PERSONNEL MANAGEMENT   :

..oOo..

## MEMORANDUM

On December 27, 2002, plaintiff Patricia James, a resident of Annapolis, Maryland, filed this

fee-paid, 28 U.S.C. § 1331 *pro se* complaint pursuant to this Court's federal question jurisdiction.

Ms. James files this complaint asking that the Office of Personnel Management ("OPM") pay

the amount of $140,000.00, which allegedly represents the insurance benefits in dispute.  According

to the complaint, the OPM denied plaintiff's health insurance claim on an unspecified date because

she did not meet the OPM's definition of "legal incapitance." (Paper No. 1 at 2.)  Plaintiff claims

that the OPM strictly defines "legal incapitance" as court-ordered guardianship.   Ms. Ward states

that "because there was no guardian, but probably should have been, the plaintiff meets the definition

of legal incapitance in a much more urgent fashion."  (*Id.*)

Even when affording the *pro se* complaint a liberal interpretation, the Court finds that the

plaintiff's allegations, as currently pleaded, fail to support federal question jurisdiction.  Under §

1331. "the district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States".  An action "arises under" federal law when it

is apparent from the face of a claimant's complaint that  her cause of action is itself created by

federal law, or if based upon state law, that a federal law which creates a cause of action is an

essential component of the plaintiff's claim. *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S.

804 (1986). The federal question raised must be a direct element in the plaintiff's claim, and must be substantial and not plainly frivolous. *McLucas v. De Champlain*, 421 U.S. 21, 28 (1975). Mere assertions that a federal question is involved are not sufficient to confer jurisdiction. *McCartney v. West Virginia*, 156 F.2d 739, 741 (4th Cir. 1946).

Plaintiff does not rely on any federal statute or law, nor has she cited to any constitutional provision to invoke § 1331 federal question jurisdiction. Ms. James has, at most, voiced her disagreement with the OPM decision to deny her health insurance claim. This claim does not demonstrate the existence of a federal question. Therefore, the plaintiff shall be afforded additional time to amend her complaint in order to provide a more definite statement of facts and to meet her burden of showing that a federal question exists. Plaintiff is forewarned that her failure to file a timely and complete amended complaint will result in the dismissal of her complaint without further notice of the Court.

A separate Order shall be entered in accordance with this Memorandum.

Date: 1/6/03

Marvin J. Garbis
United States District Judge

2